ACCEPTED
01-14-00687-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/29/2015 2:40:09 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00687-CV

IN THE
FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/29/2015 2:40:09 PM

CHRISTOPHER A. PRINE
Clerk

**THE BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON, INC., THE BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON EDUCATION FOUNDATION, DAN PARSONS, CHRIS CHURCH, CHURCH ENTERPRISES, INC., GARY MILLESON, RONALD N. MCMILLAN, D'ARTAGNAN BEBEL, MARK GOLDIE, CHARLIE HOLLIS, AND STEVEN LUFBURROW,**

*Appellants,*

**v.**

**JOHN MOORE SERVICES, INC. AND JOHN MOORE RENOVATION, LLC,**

*Appellees.*

**APPELLANTS' MOTION TO VACATE MEMORANDUM ORDER OF REFERRAL TO MEDIATION AND RELATED ORDERS**

Lauren B. Harris
Texas Bar No. 02009470
lharris@porterhedges.com
Jeffrey R. Elkin
Susan K. Hellinger
M. Harris Stamey
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6624
Facsimile: (713) 226-6224

*Attorneys for Appellants*

**TO THE HONORABLE FIRST COURT OF APPEALS:**

Appellants The Better Business Bureau of Metropolitan Houston, Inc. (the "Houston BBB"), The Better Business Bureau of Metropolitan Houston Education Foundation, Dan Parsons, Chris Church, Church Enterprises, Inc., Gary Milleson, Ronald N. McMillan, D'Artagnan Bebel, Mark Goldie, Charlie Hollis, and Steven Lufburrow file this motion to vacate the April 1, 2015 Memorandum Order of Referral to Mediation and related orders extending the mediation deadlines and would respectfully show the Court as follows:

**A.     Background**

Appellees John Moore Services, Inc. and John Moore Renovation, LLC (collectively, "John Moore") filed their first lawsuit against the Houston BBB (the "first case") on June 18, 2012.  CR948.  The Houston BBB moved to dismiss the first case pursuant to the Texas Citizens' Participation Act ("TCPA"), and the motion was denied.  *See* TEX. CIV. PRAC. & REM. CODE § 27.001 *et seq*.  In an opinion issued in July 2013, this Court reversed the denial of the Houston BBB's motion to dismiss and remanded the case to the trial court for consideration of sanctions and attorneys' fees.  *See Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.,* 441 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

On remand, a jury awarded the Houston BBB attorneys' fees in the amount of $250,001.44. The trial court subsequently entered final judgment in that amount and assessed sanctions against John Moore in the amount of $6,000. CR1102-06. John Moore appealed the final judgment in the first case to this Court: Cause No. 01-14-00906-CV. The first case has been fully briefed.

Meanwhile, in December 2013, while the first case was pending in the Texas Supreme Court on John Moore's petition for review, John Moore filed this second lawsuit against the Houston BBB and some of its officers and directors (collectively, the "Houston BBB Defendants") based on the same facts and events as the first case (the "second case"). CR7-32. The Houston BBB Defendants timely filed a motion to dismiss the lawsuit under the TCPA, but the trial court granted the motion after the statutory time period. *See* TEX. CIV. PRAC. & REM. CODE §27.005(a); CR1100-01. The Houston BBB Defendants filed this interlocutory appeal to challenge the denial of its motion by "operation of law" under the TCPA. TEX. CIV. PRAC. & REM. CODE at §27.008; CR1112-14. All the briefing in the second case has been completed, and the case was argued on March 31, 2015.

3

At the conclusion of the oral argument of the second case, the Court raised the issue of the parties mediating again.[1]  On April 1, 2015, the Court entered a Memorandum Order of Referral to Mediation ("Order").  The Order required the mediation to take place within 45 days, or by May 16, 2015.

Since that time, four different mediation dates have been scheduled; prior to each date, however, John Moore has requested that the mediation be rescheduled to a later date:

| | |
|---|---|
| 5-27-15: | The original date for the mediation was May 27, 2015.[2]  *See* Parties' Notification to Court of Mediator, dated 4-16-15.  However, prior to the mediation, John Moore advised the Houston BBB Defendants of its desire to reschedule the mediation. |
| 6-29-15: | The parties rescheduled the mediation for the end of June.  *See* Parties' Revised Notification to Court of Mediator, dated 5-28-15.  But, John Moore later asked that the June mediation be rescheduled due to what it described as "serious personal issues affecting the principal for John Moore and John Moore's principal attorney."  Parties' Second Revised Notification to Court of Mediator and Request for Extension of Deadline, dated 6-29-15. |
| 8-17-15: | The mediation was rescheduled for mid-August and the parties requested and received an extension of the mediation deadline |

---

[1]  The Houston BBB and John Moore participated, unsuccessfully, in two, single-day mediations on May 9, 2013 and May 15, 2013.

[2]  The parties sought and obtained an extension of the original 45-day mediation deadline.  *See* Parties' Notification to Court of Mediator, dated 4-16-15; Order, dated 5-14-15.

to accommodate that date. *See id.;* Order, dated 6-30-15. On August 5, 2015, additional counsel appeared for John Moore. *See* Appellees' Notice of Appearance of Additional Counsel, dated 8-5-15.[3] Nevertheless, John Moore requested that the August mediation be rescheduled due to "serious personal issues involving counsel for John Moore []" and the parties requested and received an extension of the mediation deadline. *See* Parties' Motion for Extension of Time to Complete Mediation, dated 8-25-15; Notice that Court granted joint motion for extension to complete the mediation, dated 8-27-15.

9-22-15: Most recently, the mediation was scheduled for September 22, 2015. *See id.* But, a week before the mediation, John Moore informed the Houston BBB Defendants that it wants to reschedule the mediation for some time after November 1, 2015.

## B. Argument

This dispute was ordered to mediation almost six months ago. Since that time, the mediation has been scheduled four times: May 27; June 29; August 17; and September 22, 2015. And, it has been cancelled four times. In the past, each time John Moore asked to reschedule the mediation, the Houston BBB Defendants consented—even filing joint motions to extend the mediation deadlines when necessary—in order to accommodate John Moore's counsel who the Houston BBB Defendants understand is experiencing serious health issues.

---

[3] The next day, lead counsel's former law firm withdrew as counsel for John Moore. *See* Johnson, Trent, West & Taylor, LLP's Unopposed Motion to Withdraw, dated 8-6-15.

Most recently, however, John Moore cancelled the mediation scheduled for September 22 and requested that it be rescheduled for some time after November 1, 2015, eight months after the Order was issued. Although the Houston BBB Defendants have accommodated John Moore and its counsel over the last few months, the continual delay has grown prejudicial to the Houston BBB Defendants and stalled any decision on the merits. A great deal of time has now passed since this case was submitted to the Court and there is no assurance that the mediation will take place in November 2015, or ever.

Further delay will not advance the purposes of the relevant statute or serve the interests of the parties. The statute on which this appeal is based—the TCPA— was promulgated in order to, among other things, affect a prompt resolution of certain claims. There are two related cases at issue here that have been fully briefed, and should be decided without further delay. The referral to mediation was at the Court's initiative, not either party's request. Thus, the withdrawal of the Order would not harm any particular party, would alleviate the burden on John Moore and its counsel in having to attend a full-day mediation despite counsel's serious health issues, and would allow the case to proceed on the merits.

This is an accelerated appeal involving the issue of whether the Houston BBB Defendants are entitled to dismissal pursuant to the TCPA, an issue this Court has already considered and resolved in the Houston BBB's favor. This

second case is part of serial litigation that has been ongoing since 2012 and needs to be resolved. It has been fully briefed and argued and is ripe for a decision. Accordingly, the Houston BBB Defendants seek the withdrawal of the Order referring the case to mediation and the related orders extending the mediation deadlines so that this appeal may be decided and this lengthy litigation can proceed to a conclusion.

WHEREFORE, Appellants The Better Business Bureau of Metropolitan Houston, Inc., The Better Business Bureau of Metropolitan Houston Education Foundation, Dan Parsons, Chris Church, Church Enterprises, Inc., Gary Milleson, Ronald N. McMillan, D'Artagnan Bebel, Mark Goldie, Charlie Hollis, and Steven Lufburrow respectfully request that the Court vacate its April 1, 2015 Memorandum Order of Referral to Mediation and the related orders extending the mediation deadlines.

Dated: September 29, 2015.

Respectfully submitted,

**PORTER HEDGES LLP**

By:    */s/ Lauren Beck Harris*
     Lauren B. Harris
     Texas Bar No. 02009470
     lharris@porterhedges.com
     Jeffrey R. Elkin
     Texas Bar No. 06522180
     Susan K. Hellinger
     Texas Bar No. 00787855
     M. Harris Stamey
     Texas Bar No. 24060650
     1000 Main Street, 36th Floor
     Houston, Texas  77002
     Telephone: (713) 226-6624
     Facsimile: (713) 226-6224

     **ATTORNEYS FOR APPELLANTS THE BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON, INC., THE BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON EDUCATION FOUNDATION, DAN PARSONS, CHRIS CHURCH, CHURCH ENTERPRISES, INC., GARY MILLESON, RONALD N. MCMILLAN, D'ARTAGNAN BEBEL, MARK GOLDIE, CHARLIE HOLLIS, AND STEVEN LUFBURROW**

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 28 and 29, 2015, I contacted Bobbie L. Stratton, counsel for Appellees, and she has informed me that her clients are opposed to this motion.

/s/ Susan K. Hellinger
Susan K. Hellinger

## CERTIFICATE OF SERVICE

Pursuant to Rules 6.3 and 9.5(b), (d), and (e) of the Texas Rules of Appellate Procedure, this is to certify that on this 29th day of September 2015, a true and correct copy of the foregoing was served on the following counsel of record by U.S. first class mail and by electronic delivery as follows:

Lori Hood
Bobbie L. Stratton
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1301 McKinney Street, Suite 3700
Houston, TX 77010
(713) 650-9700
(713) 650-9701

*Attorneys for Appellees John Moore Services, Inc. and John Moore Renovation, LLC*

/s/ Lauren B. Harris
Lauren B. Harris

5105865

9